**John A. McMAHON, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 79A02–0603–CR–170.

Court of Appeals of Indiana.

Nov. 13, 2006.

Bruce W. Graham, Trueblood & Graham P.C., Lafayette, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Nicole M. Schuster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

John McMahon appeals his seven-and-one-half-year sentence for intimidation, criminal recklessness, and resisting law enforcement. He contends that his sentence is inappropriate in light of the nature of his offenses and his character. Because McMahon committed his offenses on July 21, 2005, he was sentenced under Indiana's new advisory sentencing scheme, which went into effect on April 25, 2005. Under this new scheme, trial courts are free to impose any sentence authorized by statute regardless of the presence or absence of aggravating or mitigating circumstances. Our task is to determine the role of Indiana's appellate courts under a system that gives unlimited discretion to trial court judges. We conclude that reviewing aggravating and mitigating circumstances along with other relevant factors is consistent with our constitutional review under Indiana Appellate Rule 7(B). Applying this review to the facts of this case, we cannot say that McMahon's sentence is inappropriate. Therefore, we affirm the judgment of the trial court.

### Facts and Procedural History

On July 21, 2005, McMahon consumed a large amount of alcohol. While walking down a sidewalk, he exchanged words with another man, David Crouch, and an altercation ensued. McMahon pulled a knife and swung it at Crouch. Then, when police attempted to apprehend McMahon, he resisted, resulting in injuries to one of the officers. On November 17, 2005, McMahon pled guilty to intimidation as a Class C felony,[1] criminal recklessness as a Class D felony,[2] and resisting law enforcement as a Class D felony.[3] The plea agreement required that all sentences be run concurrently.

In sentencing McMahon, the trial court identified three aggravating circumstances: (1) McMahon's history of criminal activity; (2) McMahon was on probation at the time of the instant offense; and (3) prior attempts to rehabilitate McMahon have been unsuccessful. The trial court also found two mitigating circumstances: (1) McMahon accepted responsibility for his actions by pleading guilty and (2) incarceration will result in undue hardship on McMahon's dependents. The trial court then found that the aggravating factors outweigh the mitigating factors and sentenced McMahon to seven and one-half years for intimidation, two and one-half years for criminal recklessness, and two and one-half years for resisting law enforcement. The court ordered all three

1. Ind.Code § 35–45–2–1.

2. Ind.Code § 35–42–2–2.

3. Ind.Code § 35–44–3–3.

sentences to run concurrently and suspended one and one-half years to supervised probation, for an executed sentence of six years. McMahon now appeals.

## Discussion and Decision

On appeal, McMahon claims that his sentence is inappropriate in light of the nature of his offenses and his character. Essentially, McMahon asserts that the trial court improperly found and balanced the aggravating and mitigating circumstances. The State contends that this is not a cognizable appellate claim because "a trial court's findings regarding aggravating and mitigating factors have no bearing on the validity of sentences that fall within statutory ranges" under the amended version of Indiana Code § 35-38-1-7.1. Appellee's Br. p. 6. For the reasons below, we do not agree with the State. Nonetheless, we find that McMahon's sentence is not inappropriate.

## I. Recent Developments in Indiana Sentencing Law

### A. Indiana's Former Presumptive Sentencing Scheme

Before April 25, 2005, Indiana's felony sentencing statutes provided that the person convicted was to be sentenced to a fixed term, with the possibility of a certain number of years added for aggravating circumstances or a certain number of years subtracted for mitigating circumstances. *See* Ind.Code §§ 35-50-2-3 to -7 (West 2004). For example, Indiana Code § 35-50-2-6(a) provided that a person convicted of a Class C felony "shall be imprisoned for a fixed term of four (4) years, with not more than four (4) years added for aggravating circumstances or not more than two (2) years subtracted for mitigating circumstances."

In addition, Indiana Code § 35-38-1-3 required the trial court to conduct a sentencing hearing and make a record of the hearing, including, "if the court finds aggravating circumstances or mitigating circumstances, a statement of the court's reasons for selecting the sentence that it imposes." From its inception, this provision has been interpreted to require a sentencing statement whenever a sentence other than the presumptive was imposed. *See Gardner v. State,* 270 Ind. 627, 635 n. 4, 388 N.E.2d 513, 518 n. 4 (1979) (citing Ind.Code § 35-4.1-4-3, the predecessor to Ind.Code § 35-38-1-3). More recently, our Supreme Court has stated: "If a trial court relies upon aggravating or mitigating circumstances to enhance or reduce the presumptive sentence, it must (1) identify all significant mitigating and aggravating circumstances; (2) state the specific reason why each circumstance is determined to be mitigating or aggravating; and (3) articulate the court's evaluation and balancing of the circumstances." *Henderson v. State,* 769 N.E.2d 172, 179 (Ind.2002). The sentencing statement requirement serves two important goals: "First, the judge is confined to proper grounds for either increasing or decreasing the presumptive sentence provided for the offense; and, second, the appellate court is enabled to determine the reasonableness of the sentence imposed, under the circumstances." *Abercrombie v. State,* 275 Ind. 407, 412, 417 N.E.2d 316, 319 (1981); *see also Bryant v. State,* 841 N.E.2d 1154, 1156 (Ind.2006) ("The purpose behind requiring the trial court to follow these steps is to guard against arbitrary sentences and provide an adequate basis for appellate review." (internal citations omitted)).

### B. *Blakely v. Washington*

In 2000, the United States Supreme Court held, "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to

a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Nearly four years later, the high court clarified that rule in *Blakely v. Washington,* where it held that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."* 542 U.S. 296, 303, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). "In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." *Id.* at 303–04 ("When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts 'which the law makes essential to the punishment,' ... and the judge exceeds his proper authority." (internal citation omitted)).

### C. *Smylie v. State:* The Indiana Supreme Court's Response to *Blakely*

On March 9, 2005, in response to *Blakely,* the Indiana Supreme Court announced that the portion of Indiana's sentencing scheme allowing trial courts to enhance sentences based on judicial findings of aggravating circumstances violated the Sixth Amendment's right to trial by jury. *Smylie v. State,* 823 N.E.2d 679 (Ind.2005), *cert. denied,* —— U.S. ——, 126 S.Ct. 545, 163 L.Ed.2d 459 (2005). The Court held that aggravating circumstances supporting deviation from the presumptive sentence must generally be found by a jury.[4] *Id.* at 686. The Court then explained that there were two ways for Indiana's scheme to meet constitutional muster: "(1) [the same] arrangement of fixed presumptive terms, modified to require jury findings on facts in aggravation; or (2) a system in which there is no stated 'fixed term' (or at least none that has legally binding effect) in which judges would impose sentences without a jury." *Id.* at 685. The Court elected the former route, finding that jury sentencing would be more faithful to "the overarching theme of Indiana's 1977 sentencing reform," that of "abandon[ing] indeterminate sentencing in favor of fixed and predictable penalties." *Id.* at 686.

### D. P.L. 71–2005: The Indiana General Assembly's Response to *Smylie*

■ Weeks later, the Indiana General Assembly reversed that course and adopted the second system outlined by our Supreme Court-a system with no presumptive terms in which judges can impose sentences without a jury. *See generally* P.L. 71–2005. The changes went into effect on April 25, 2005. *Id.* The felony sentencing statutes now provide that the person convicted is to be sentenced to a term within a range of years, with an "advisory sentence" somewhere between the minimum and the maximum term. *See* Ind.Code §§ 35–50–2–3 to –7 (West Supp. 2005). For example, Indiana Code § 35–50–2–6(a) provides that a person convicted of a Class C felony "shall be imprisoned for a fixed term of between two (2) and eight (8) years, with the advisory sentence being four (4) years." In determining the exact sentence to impose, a trial court "may consider" certain enumerated aggravating and mitigating circumstances, along with other matters not listed in the statute. Ind.Code § 35–38–1–7.1(a)–(c) (West Supp.2005). In the most striking change,

---

4. We say "generally" because *Blakely* did not require that all facts relied upon to enhance a sentence be proved to a jury beyond a reasonable doubt. Prior convictions, admissions by the defendant, and factual findings by the trial judge after the defendant consented to judicial factfinding were facts that could serve as aggravators without submission to the jury. *Trusley v. State,* 829 N.E.2d 923, 925 (Ind. 2005).

the General Assembly wrote that a trial court "may impose any sentence that is ... authorized by statute ... *regardless of the presence or absence of aggravating circumstances or mitigating circumstances.*" *Id.* at (d) (emphasis added). However, the legislature left intact Indiana Code § 35–38–1–3, which requires the trial court to conduct a sentencing hearing and make a record of the hearing, including, "if the court finds aggravating circumstances or mitigating circumstances, a statement of the court's reasons for selecting the sentence that it imposes."

## II.  Sentencing Appeals in Indiana After P.L. 71–2005

In cases arising before the new sentencing statutes came into effect, sentencing appeals came to our Court in two forms:  (1) claims that the trial court abused its discretion in finding, weighing, and balancing aggravating and mitigating circumstances and (2) claims under Appellate Rule 7(B) that a sentence was inappropriate in light of the nature of the defendant's offenses and the defendant's character.  *See generally Eaton v. State,* 825 N.E.2d 1287, 1289 (Ind.Ct.App.2005), *disapp'd of on other grounds by Childress v. State,* 848 N.E.2d 1073, 1077 n. 2 (Ind. 2006).  As we see it, sentencing appeals under Indiana's new sentencing statutes can take one of two forms.

Under option one, our review of sentences on appeal would be limited to Appellate Rule 7(B) as currently implemented and would not include a review of the statutory aggravators and mitigators found by the trial court.  Appellate Rule 7(B) provides: "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."

Grounded in the vague concepts of "nature of the offense" and "character of the offender," this rule is relatively standardless as compared to Indiana Code § 35–38–1–7.1 and has traditionally entailed an *ad hoc,* largely cursory review of trial court sentencing decisions.  As such, if appellate review of sentences does not take into account aggravating and mitigating circumstances, prosecutors and defense attorneys will have difficulty predicting sentences and trial courts will have little guidance in attempting to impose "appropriate" sentences in the first place.  Given our Supreme Court's commitment to "fixed and predictable penalties," *Smylie,* 823 N.E.2d at 686, and the legislature's statutory directions, we decline to follow this approach on its own.

The second option would be to merge our review of the trial court's finding and balancing of aggravators and mitigators under Indiana Code § 35–38–1–7.1 into our review for inappropriateness under Appellate Rule 7(B).  Under the new statutory scheme, a claim that a sentence arose from an abuse of discretion under our statutory guidelines is no longer viable.  That is, because trial courts are allowed to impose *any* sentence authorized by statute *regardless* of the presence or absence of aggravating and mitigating circumstances, a chosen sentence cannot constitute an abuse of discretion.  But our inquiry does not end here.  Even under the new statutes, an assessment of the trial court's finding and weighing of aggravators and mitigators continues to be part of our review on appeal.  We reach this conclusion for three reasons.

First, though our General Assembly gave sentencing judges the freedom to impose sentences without regard to aggravating and mitigating circumstances, the fact that many of those circumstances are still specifically listed in Indiana Code § 35–

38–1–7.1 is significant for our review because it suggests that the legislature believes those factors are still important to sentencing in Indiana. Because those circumstances will guide trial courts in determining the exact sentence to impose in the first instance, they will also facilitate our review of whether the trial court imposed an appropriate sentence. Likewise, the General Assembly's inclusion of advisory sentences in the statutes will provide Indiana's trial and appellate courts with a useful starting point in determining whether a given sentence is inappropriate.

Second, though Indiana's appellate courts can no longer reverse a sentence because the trial court abused its discretion by improperly finding and weighing aggravating and mitigating circumstances, *see* I.C. § 35–38–1–7.1(d), we believe that our established "inappropriateness" standard is sufficiently flexible to allow for consideration of those circumstances on appeal. Indeed, panels of this Court have sometimes used those same sentencing factors to describe the scope of the appropriateness review under Appellate Rule 7(B). *See, e.g., Prowell v. State,* 787 N.E.2d 997, 1005 (Ind.Ct.App.2003) ("As for the character of the offender, the Court is guided by the sentencing considerations in Ind. Code § 35–38–1–7.1 which contains general sentencing considerations, as well as aggravating and mitigating factors to consider, and factors within the court's discretion."), *trans. denied; see also Martin v. State,* 784 N.E.2d 997, 1013 (Ind.Ct.App. 2003), *reh'g denied.*

■ Third, when it responded to *Blakely,* our General Assembly chose to keep intact the statute requiring a sentencing statement "if the court finds aggravating circumstances or mitigating circumstances." I.C. § 35–38–1–3. As mentioned above, Indiana courts have read this statute to require a sentencing statement

anytime the trial court imposes a sentence other than the presumptive. *See Gardner,* 270 Ind. at 635 n. 4, 388 N.E.2d at 518 n. 4. Because we presume that "the legislature is aware of the common law, and does not intend to make any change therein beyond what it declares," *Bartrom v. Adjustment Bureau, Inc.,* 618 N.E.2d 1, 10 (Ind.1993), we presume that by keeping Indiana Code § 35–38–1–3 in place, the legislature intended to require a sentencing statement anytime the trial court imposes a sentence other than the *advisory* sentence under the new statutes. This requirement continues to serve two important purposes under Indiana's new sentencing regime: to guard against arbitrary sentences and to provide an adequate basis for appellate review. *Bryant,* 841 N.E.2d at 1156.

### III. The Scope of "Inappropriateness" Review

■ We now turn to a discussion of the parameters of our review under Appellate Rule 7(B). The obvious starting point is the language of the rule: "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress,* 848 N.E.2d at 1080. As discussed above, this examination could include a challenge to the aggravating and mitigating circumstances found by the trial court under Indiana Code § 35–38–1–7.1. Therefore, if a trial court relies upon aggravating or mitigating circumstances to impose a sentence other than the advisory, it must: (1) identify all significant mitigating and aggravating circumstances; (2) state the specific reason why each circumstance is determined to be

mitigating or aggravating; and (3) articulate the court's evaluation and balancing of the circumstances. *Henderson,* 769 N.E.2d at 179.

■ Cases applying Appellate Rule 7(B) suggest that inappropriateness review should not be limited, however, to a simple rundown of the aggravating and mitigating circumstances found by the trial court. Indeed, although a trial court may have followed the proper procedure in imposing a sentence, Appellate Rule 7(B) authorizes independent appellate review and revision of a sentence imposed by the trial court. *Childress,* 848 N.E.2d at 1079–80; *see also Walker v. State,* 747 N.E.2d 536, 537 (Ind. 2001) ("This authority is found in the text of the Constitution and is independent from our general appellate jurisdiction.") (quoting *Bluck v. State,* 716 N.E.2d 507, 516 (Ind.Ct.App.1999)).

With the above discussion, we by no means purport to limit the factors to be considered in evaluating the appropriateness of sentences.[5] Now, with this initial framework in mind, we turn to the merits of McMahon's claim.

#### IV. McMahon's Sentence

McMahon argues that his seven-and-one-half-year sentence is inappropriate because it was the "near absolute maximum" and "[t]he maximum sentence should be reserved for the worse [sic] class of offenses and offenders." Appellant's Br. p. 6. To be sure, McMahon's sentence was not near the *statutory* maximum sentence for the crimes to which he pled guilty. McMahon pled guilty to one Class C felony (intimidation) and two Class D felonies (criminal recklessness and resisting law enforcement). The maximum sentence for a Class C felony is eight years, Ind.Code § 35–50–2–6, and the maximum sentence for a Class D felony is three years, Ind. Code § 35–50–2–7. As such, the statutory maximum sentence McMahon faced was fourteen years.[6]

■ However, under the terms of McMahon's plea agreement, the trial court was required to order any sentences it imposed to run concurrently. Under this arrangement, the maximum sentence McMahon faced was eight years—the maximum sentence for a Class C felony, the highest class of felony of which McMahon was convicted. The trial court sentenced McMahon to seven and one-half years for the Class C felony conviction, so McMahon's sentence *is* the "near absolute maxi-

---

5. Our Supreme Court has established other factors that aid our consideration of whether a sentence is inappropriate. *See, e.g., Childress,* 848 N.E.2d at 1081 (advisory sentence is "the starting point the Legislature has selected as an appropriate sentence for the crime committed."); *Francis v. State,* 817 N.E.2d 235, 238–39 (Ind.2004) (whether defendant pled guilty); *Serino v. State,* 798 N.E.2d 852, 858 (Ind.2003) (evidence of defendant's positive character traits and wishes of victim and/or victim's family regarding sentence); *Buchanan v. State,* 767 N.E.2d 967, 973 (Ind.2002) (whether weapon was used in commission of offense); *Monegan v. State,* 756 N.E.2d 499, 504–05 (Ind.2001) (the defendant's age); *Walker,* 747 N.E.2d at 538 (whether victim was a child and whether offense resulted in physical injury).

6. We do note that the statutory maximum could have been as low as ten years if McMahon's offenses were all part of a single episode of criminal conduct. *See* Ind.Code § 35–50–1–2(c) (except for crimes of violence, limiting total of consecutive terms of imprisonment to which defendant is sentenced for felony convictions arising out of episode of criminal conduct to advisory sentence for felony which is one class of felony higher than most serious of felonies for which person has been convicted); *see also* Ind.Code § 35–50–2–5 (establishing the advisory sentence for Class B felony as ten years). However, McMahon has not raised this issue, so we need not address it.

mum" *under the terms of his plea agreement.* Nonetheless, McMahon has not persuaded us that his sentence is inappropriate.[7]

McMahon's argument is essentially twofold. First, he contends that in addition to the mitigating circumstances the trial court did find, it should have found as mitigating circumstances that McMahon: (1) was diagnosed with bipolar disorder at age fourteen, (2) began drinking alcohol at the age of ten, and (3) committed the instant offenses during an episode of heavy usage of alcohol. McMahon has waived this claim for two reasons: first, he failed to ask the trial court to consider these facts as mitigators, *see Pennington v. State*, 821 N.E.2d 899, 905 (Ind.Ct.App. 2005), and second, he has failed to provide us with any cogent argument explaining why these facts are mitigating, *see* Ind. Appellate Rule 46(A)(8)(a).

McMahon also argues that "the Court gave undue weight to the evidence in aggravation as essentially it is all derived from Mr. McMahon's criminal history." Appellant's Br. p. 10. The trial court identified three aggravating circumstances: (1) McMahon's history of criminal activity; (2) McMahon was on probation at the time of the instant offense; and (3) prior attempts to rehabilitate McMahon

have been unsuccessful. McMahon urges that the trial court should have considered these three facts as a single aggravating factor: criminal history. Again, McMahon has failed to make any cogent argument or cite any authority in support of this proposition.[8] As such, he has waived it. *See* App. R. 46(A)(8)(a).

Nothing else about McMahon's sentence makes it inappropriate. His criminal history is substantial. He was adjudicated a delinquent child in 1998 for theft (a Class D felony if committed by an adult) and in 1999 for truancy. As an adult, McMahon has felony convictions for auto theft and battery on a child and misdemeanor convictions for contributing to the delinquency of a minor, theft, and failure to stop after an accident resulting in damage to a vehicle. In addition, McMahon has had his probation revoked twice and was on probation when he committed the instant offenses. Despite these repeated run-ins with the law, McMahon has not been deterred from criminal conduct.

Furthermore, the facts of this case are particularly disturbing. On the day in question, McMahon consumed a large amount of alcohol. Intoxicated and walking on a sidewalk, McMahon encountered Crouch. McMahon did not know Crouch, but the two exchanged words before

---

7. The State contends that McMahon waived any challenge to the inappropriateness of his sentence by entering a plea agreement that limited his potential sentence. In support of this argument, the State cites several decisions of this Court that stand for that proposition. However, after the State filed its brief, our Supreme Court held that a defendant does not necessarily agree that his sentence is appropriate when he enters a plea agreement. *Childress*, 848 N.E.2d at 1080.

8. We do note that in cases arising under the former presumptive sentencing scheme, a defendant's criminal history and a judicial statement that prior attempts to rehabilitate him

have been unsuccessful could not serve as separate aggravating circumstances because of the restrictions imposed by *Blakely*. *Morgan v. State*, 829 N.E.2d 12, 17 (Ind.2005); *see also Haas v. State*, 849 N.E.2d 550, 553 (Ind.2006). Because our legislature has remedied the *Blakely* infirmities in our sentencing scheme, this claim of error is not available to defendants sentenced under the new statutes. In addition, even under the presumptive scheme, the "failed to rehabilitate" statement properly adds weight to the criminal history and "on probation at the time of the instant offense" aggravators. *Morgan*, 829 N.E.2d at 16–18.

McMahon pulled a knife and swung it at him. Then, when police responded, McMahon resisted their efforts to take him into custody, resulting in injuries to one of the officers.

To summarize, McMahon, a convicted felon on probation, was intoxicated and walking the streets armed with a knife. He exchanged words with a stranger before pulling the knife and swinging it, and when police attempted to apprehend him, he resisted and caused injuries to an officer. We cannot say that McMahon's seven-and-one-half-year sentence with one and one-half years suspended to supervised probation is inappropriate for his three felony convictions.

### Conclusion

In light of the changes our General Assembly made to Indiana's sentencing statutes in 2005, we review sentences under a single standard, established by Appellate Rule 7(B): whether the sentence is inappropriate in light of the nature of the offense and the character of the offender, taking into consideration, among other factors, the relevant circumstances found in Indiana Code § 35-38-1-7.1. Applying this standard to McMahon's case, we cannot say that his sentence is inappropriate.

Affirmed.

DARDEN, J., and RILEY, J., concur.