**Robert WILLIAMS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A04–0603–CR–110.

Court of Appeals of Indiana.

Feb. 16, 2007.

Laura M. Taylor, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ann L. Goodwin, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Defendant, Robert Williams (Williams), appeals his sentence after being convicted of torturing a vertebrate animal, a Class D felony, Ind.Code § 35–46–3–12.

We affirm.

### ISSUE

Williams raises two issues on appeal, which we consolidate and restate as the following issue: Whether the trial court properly sentenced Williams.

### FACTS AND PROCEDURAL HISTORY

Williams resided with his girlfriend Jacqueline Brady (Brady) at 3617 Brookside Parkway South Drive, Indianapolis. In February 2005, Williams gave Brady a red nosed pit bull named Baby. Baby was trained as a guard dog to protect Brady and was quick to protect her from others. Baby would "hold her stance" and "growl" if anyone even came close to Brady. (Transcript p. 108). Baby responded to the commands of both Brady and Williams.

On August 12, 2005, at approximately 3:45 a.m., Brady returned home from work. Two friends, a neighbor and a co-worker, joined her at her home. Shortly thereafter, Williams returned home from a twelve-hour shift. A heated argument ensued between Williams and Brady.

During the argument, Baby continually tried to get in between Brady and Williams despite commands from Williams for Baby to go to the bedroom. Baby

growled at Williams and became an additional issue in the fight. At some point after Baby disobeyed several commands from Williams to go to the bedroom, Williams grabbed Baby by her collar. While holding Baby's collar, Williams grabbed a knife and tried to slit Baby's throat. Upon witnessing Williams attempt to cut Baby's throat, Brady ran to the bedroom and phoned 911. After unsuccessful attempts to slit Baby's throat, Williams stabbed Baby nearly fourteen times. After calling 911 and returning to the living room where she saw blood, Brady ran outside followed by Williams who carried Baby by her hind legs. Outside the residence, Williams flung Baby into the front yard, toward the police as they approached the house, exclaiming he "didn't need no dog bleeding on his carpet" and "[a]in't no dog going to punk me." (Tr. pp. 153, 157). Baby died as a result of the stab wounds.

On August 17, 2005, the State filed an Information charging Williams with cruelty to animals, a Class D felony, I.C. § 35–46–3–12. On November 17, 2005 and December 12, 2005, a bench trial was held. At the close of evidence, Williams was found guilty. On February 3, 2006, Williams was sentenced to three years, with two years in the Department of Correction and one year at Community Corrections work release with a specific condition for anger control counseling. The trial court recognized Williams' criminal history as an aggravating factor and found no mitigating factors.

Williams now appeals. Additional facts will be provided as necessary.

### DISCUSSION AND DECISION

 Williams claims he was improperly sentenced. Specifically, he asserts the trial court (1) abused its discretion by failing to recognize his admission of the crime as a mitigating factor, and (2) pronounced a sentence that was inappropriate in light of the nature of the offense and his character.

 It is well established that sentencing decisions lie within the trial court's discretion. *Hayden v. State*, 830 N.E.2d 923, 928 (Ind.Ct.App.2005), *trans. denied.* As such, the trial court is under no obligation to find any mitigating factors and has immense discretion when assigning weight to recognized mitigators. *Banks v. State*, 841 N.E.2d 654, 658 (Ind.Ct.App. 2006), *trans. denied.* Furthermore, due to the recent changes in Indiana's sentencing laws, a trial court may not be found to have abused its discretion based on a sentence that is "(1) authorized by statute; and (2) permissible under the Constitution of the State of Indiana; regardless of the presence or absence of aggravating circumstances or mitigating circumstances." I.C. § 35–38–1–7.1(d); *see also McMahon v. State*, 856 N.E.2d 743, 748 (Ind.Ct.App. 2006). However, "we presume that by keeping [I.C.] § 35–38–1–3 in place, the legislature intended to require a sentencing statement anytime the trial court imposes a sentence other than the *advisory* sentence under the new statutes." *McMahon*, 856 N.E.2d at 749. And while we will continue to include "an assessment of the trial court's finding and weighing of aggravators and mitigators" in our independent review under Ind. Appellate R. 7(B), the burden ultimately "falls to the defendant to persuade the appellate court that his or her sentence is inappropriate" given that our review is by no way limited "to a simple rundown of the aggravating and mitigating circumstances found by the trial court." *Id.* at 748–50. Indiana Appellate Rule 7(B) gives us the authority to revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the

character of the offender. *See* Ind.App. R. 7(B).

Our review of the record indicates the nature of this particular offense merits a maximum sentence. Williams held a dog, who was merely trying to protect Brady as trained, by the collar and stabbed it repeatedly to death. Then, Williams carried the dog outside and tossed its carcass into the yard toward approaching officers, exclaiming he wasn't going to be "punked" by a dog. (Tr. p. 153). Viewing the evidence, we find the violent nature of this crime deplorable and of the worst degree. The State characterizes Williams' acts as "brutal and sadistic." (Appellee's Br. p. 5). We agree.

Furthermore, our review of the record indicates Williams' character is among the worst of the worst. *See Payton v. State,* 818 N.E.2d 493, 498 (Ind.Ct.App.2004). Given his criminal history, consisting of violent crimes—two aggravated assault convictions, two aggravated assault with a deadly weapon convictions, and burglary of an occupied dwelling—and the senseless violence displayed in this case, anything less than the maximum sentence would be irresponsible. The anger and rage necessary to stab a household pet to death are not character traits indicative of someone deserving less than a maximum sentence. Thus, we find Williams' sentence was appropriate in light of the nature of this offense and his character.

## *CONCLUSION*

Based on the foregoing, we find the trial court did not abuse its discretion when it sentenced Williams to three years.

Affirmed.

BAILEY and MAY, JJ., concur.