Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 03 2013, 7:13 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CARA SCHAEFER WIENEKE**
Wieneke Law Office, LLC
Plainfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JASEN M. SNELLING, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 24A01-1301-CR-30 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE FRANKLIN CIRCUIT COURT
The Honorable Clay M. Kellerman, Judge
Cause No. 24C02-1102-FB-46

**July 3, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Jasen Snelling ("Snelling") pleaded guilty in Franklin Circuit Court to five counts of Class C felony offering and selling a security that was not registered, federally covered, or exempt from registration;[1] five counts of Class C felony failing to register as a broker-dealer;[2] and nine counts of Class C felony securities fraud.[3] The trial court sentenced Snelling to eight years on each count but ordered that the counts relating to each of five separate acts to be served concurrently, for an aggregate sentence of forty years. On appeal, Snelling presents three issues, which we restate as:

I.      Whether the trial court abused its discretion by failing to recognize two alleged mitigating factors;

II.     Whether the sentence imposed by the trial court is inappropriate in light of the nature of the offense and the character of the offender; and

III.    Whether the trial court erred by ordering sentences that were based on the same episode of criminal conduct to be served concurrently instead of vacating the convictions.

We affirm.

**Facts and Procedural History**

Snelling and Jerry Smith ("Smith") operated CityFund Advisory ("CityFund") and Dunhill Investment Advisors, Ltd. ("Dunhill"), with Snelling listed as the president of CityFund. Snelling, however, never registered with the federal Securities and Exchange Commission ("SEC") to sell securities, as is required by law.[4] CityFund did obtain an SEC investor advisory license in 1994, but CityFund withdrew its license in 2004.

---

[1] See Ind. Code § 23-19-3-1.

[2] See Ind. Code § 23-19-4-1.

[3] See Ind. Code § 23-19-5-1.

[4] Smith had registered to sell securities through another company, but not through CityFund or Dunhill, and his registration lapsed in 2008.

Dunhill was never registered as an investment advisory firm. Despite this lack of registration, Snelling and Smith sold securities and ran a "Ponzi" scheme.[5]

As a result of this scheme, Snelling and Smith faced criminal charges from this State, the State of Ohio, and the federal government.[6] In Indiana, on December 21, 2010, the State charged Snelling with a total of twenty-five counts: five counts of Class C felony offering and selling a security that was neither registered, federally-covered, nor exempt from registration; five counts of Class C felony failing to register as a broker-dealer; nine counts of Class C felony securities fraud; and six counts of Class B felony securities fraud involving a victim over the age of sixty. On May 18, 2012, Snelling pleaded guilty to all the Class C felony charges; in exchange, the State dismissed the Class B felony charges.

The trial court conducted a sentencing hearing on November 13, 2012. The court found that the aggravating factors outweighed the mitigating factors and sentenced Snelling to eight years on each count. However, the court decided that certain counts arose out of the same episode of criminal conduct. Specifically, the trial court found that: Counts 1, 6, 11, 16, and 21 arose out of Snelling's conduct toward victim Jon Maynard;

---

[5] The Oxford English Dictionary defines a "Ponzi scheme" as: "A form of fraud in which belief in the success of a non-existent enterprise is fostered by payment of quick returns to first investors using money invested by others; any system which operates on the principle of using the investments of later contributors to pay early contributors." <http://www.oed.com/view/Entry/147694>; see also Chosnek v. Rolley, 688 N.E.2d 202, 204 (Ind. Ct. App. 1997) ("A Ponzi scheme is a type of fraud involving a series of investors in which the resources of the later investors are used to fund obligations to the earlier investors, resulting in a pyramiding of the liabilities of the investment enterprise.").

[6] The State charged Smith in both Franklin and Dearborn counties. Smith filed motions to dismiss the state charges against him based upon his act of pleading guilty to similar crimes in federal court. The trial court in Dearborn County denied Smith's motion, and the trial court in Franklin County denied it in part and granted it in part. Smith filed interlocutory appeals of these orders, and this court has set both cases for oral argument on July 10, 2013.

Counts 2, 7, 12, 17, and 22 arose out of Snelling's conduct toward victim James McNally; Counts 3 and 8 arose out of Snelling's conduct toward victim Marjorie Foy in January 2009; Counts 4 and 9 arose out of Snelling's conduct toward victim Marjorie Foy in December 2009; and Counts 5, 10, 15, 20, and 25 arose out of Snelling's conduct toward victim Cecil Hudson. The trial court ordered the counts relating to each of these episodes to run concurrently to each other but ordered the sentences on the separate episodes to run consecutively, i.e. eight years on each of the five episodes, for an aggregate sentence of forty years. Snelling now appeals.

## I. Abuse of Discretion

Sentencing decisions rest within the sound discretion of the trial court. Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007) ("Anglemyer I"). So long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. Id. An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. Id. at 491. A trial court may abuse its sentencing discretion in a number of ways, including: (1) failing to enter a sentencing statement at all;[7] (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the record; (3) entering a sentencing statement that omits reasons that are clearly supported by the record; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law. Id. at 490-91.

---

[7] See Bowen v. State, No. 08S02-1306-CR-423, ___ N.E.2d ___ (Ind. June 14, 2013) (per curiam) (remanding with instructions to trial court to issue an amended sentencing order where trial court did not state its reasons, either in writing or from the bench, for imposing consecutive sentences).

4

Snelling first claims that the trial court overlooked the alleged mitigating factor that he pleaded guilty. In its opinion on rehearing in Anglemyer I, our supreme court noted that:

> a defendant who pleads guilty deserves "some" mitigating weight be given to the plea in return. But an allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is not only supported by the record but also that the mitigating evidence is significant. And the significance of a guilty plea as a mitigating factor varies from case to case. For example, a guilty plea may not be significantly mitigating when it does not demonstrate the defendant's acceptance of responsibility, or when the defendant receives a substantial benefit in return for the plea.

Anglemyer v. State, 875 N.E.2d 218, 221 (Ind. 2007) ("Anglemyer II") (citations omitted).

Here, it appears that Snelling received a substantial benefit in return for his guilty plea.[8] Snelling claims on appeal that he pleaded "open" in this case, without the benefit of a plea agreement, to every charge he was facing, and that he therefore received no benefit from his plea. However, the trial court's order following the guilty plea hearing, wherein the court accepted the guilty pleas, specifically states that "[i]n exchange for the Defendant accepting guilt, the State advises the Court the following counts will be dismissed [listing the B felony counts]." Appellant's App. p. 79. Thus, contrary to his representation, Snelling did receive a substantial benefit—the dismissal of six B felonies—in exchange for his decision to plead guilty. Under these facts and

---

[8] We further note that the trial court did acknowledge Snelling's decision to plead guilty at the sentencing hearing. See Tr. p. 37 ("[Y]ou did plead guilty in this cause before you plead[ed] guilty anywhere else."). It could therefore be argued that the trial court recognized the guilty plea but simply declined to afford it significant weight. Because trial courts are no longer required to weigh aggravating and mitigating factors against each other when imposing a sentence, a trial court can no longer be said to have abused its discretion in failing to "properly weigh" such factors. Anglemyer I, 868 N.E.2d at 491.

circumstances, we are unable to say that the trial court abused its discretion in failing to consider Snelling's decision to plead guilty as a significant mitigating factor.

Snelling also claims that the trial court failed to consider his "sincere expression of remorse" as a significant mitigating factor. An expression of remorse may be considered as a mitigating circumstance, Hape v. State, 903 N.E.2d 977, 1002 (Ind. Ct. App. 2009), trans. denied, but the trial court is under no obligation to accept a defendant's alleged remorse as a mitigating circumstance. Phelps v. State, 969 N.E.2d 1009, 1020 (Ind. Ct. App. 2012), trans. denied. The trial court possesses the ability to directly observe a defendant and can best determine whether a defendant's remorse is genuine. Id. Therefore, substantial deference must be given to the trial court's evaluation of a defendant's remorse. Id. Absent evidence of some impermissible consideration by the trial court, we will accept its determination as to remorse. Stout v. State, 834 N.E.2d 707, 711 (Ind. Ct. App. 2005).

Here, Snelling simply asks that we accept his declaration of remorse, which was clearly rejected by the trial court, and not without reason. As noted by the State, even after the State had began its investigation into Snelling and Smith, Smith continued to solicit additional funds from his victims. Nor is there any indication that Snelling attempted to repay any of his victims while he still had the means to do so. Under these facts and circumstances, the trial court was well within its discretion to discredit Snelling's self-serving claim of remorse.

## II. Appellate Rule 7(B)

Pursuant to Appellate Rule 7(B), we may revise a sentence otherwise authorized by statute if, "after due consideration of the trial court's decision, [we] find[] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Although we have the power to review and revise sentences, "[t]he principal role of appellate review should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008). It is the defendant's burden on appeal to persuade us that the sentence imposed by the trial court is inappropriate. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

The nature of Snelling's offenses is particularly callous. Snelling ran a complex, long-term Ponzi scheme which took hundreds of thousands of dollars from his victims, all of whom had entrusted Snelling with a considerable portion of their savings. One of Snelling's victims, Marjorie Foy, spent the last few days of her life worrying about her fiscal security due to the $150,000 she lost in Snelling's scheme. Another victim, Cecil Hudson, was sixty-one years old and had to return to work after Snelling took over $135,000 from him. John Maynard, who was fifty-six years old, entrusted Snelling with $100,000 he planned to use as a retirement fund.

Snelling's sentence is also justified by his character. Although he has an admittedly minor criminal history—one misdemeanor conviction for operating a motor vehicle while intoxicated—other factors indicate that his character is less than stellar. As

noted by the State, Snelling's scheme targeted those who considered him a personal friend. And Snelling continuously lied to his victims by repeatedly issuing financial statements that were fraudulent in order to cover up his criminal activity. Even after the State began its investigation into Snelling's and Smith's activities, Snelling continued to solicit more money from his victims. Furthermore, the trial court's decision to order several of Snelling's sentences to run consecutive to each other is supported by the fact that Snelling's activities involved multiple transactions with multiple victims. See Pittman v. State, 885 N.E.2d 1246, 1259 (Ind. 2008) (noting that imposition of consecutive sentences reflects the significance of multiple victims).

Under the facts and circumstances presented in this case, we are unable to say that Snelling has convinced us that his sentence is inappropriate in light of the nature of the offense and the character of the offender.

### III. Double Jeopardy

Lastly, Snelling claims that the trial court ordered the sentences on the convictions based on the same incidents to be served concurrently in order to avoid potential double jeopardy issues. Snelling notes that if two or more convictions constitute double jeopardy, simply ordering the sentences thereon to be served concurrently is insufficient to cure the double jeopardy violation. Snelling further correctly notes that "[a] trial court's act of merging, without also vacating the conviction, is not sufficient to cure a double jeopardy violation. A double jeopardy violation occurs when judgments of conviction are entered and cannot be remedied by the 'practical effect' of concurrent

8

sentences or by merger after conviction has been entered." Gregory v. State, 885 N.E.2d 697, 703 (Ind. Ct. App. 2008), trans. denied.

Here, however, it is not clear that the trial court ordered the sentences to be served concurrently in an effort to cure any potential double jeopardy issues with Snelling's convictions. Indeed, double jeopardy was not mentioned at the sentencing hearing by either the parties or the trial court judge.

Instead, it appears that the trial court, by ordering Snelling's sentences to be served in five concurrent "groups" that ran consecutively to each other, was complying with Indiana Code section 35-50-1-2(c), which generally provides:

> [E]xcept for crimes of violence, the total of the consecutive terms of imprisonment . . . to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the advisory sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted.

At the sentencing hearing, the trial court specifically noted, "in this case, there are . . . five basic acts which are not a single episode of criminal conduct[.]" Tr. pp. 36-37. Thus, the trial court ordered the sentences of certain of Snelling's convictions to be served concurrently not to cure any double jeopardy violations but to comply with Indiana Code section 35-50-1-2(c).[9]

---

[9] Snelling does not make any cognizable argument supported by appropriate citations that his convictions constitute double jeopardy. Therefore, to the extent that Snelling claims that ordering his sentences to be served in five concurrent "groups" constitutes double jeopardy, it is waived by failure to make a cogent argument. See Ind. Appellate Rule 46(a)(8)(a); McMahon v. State, 856 N.E.2d 743, 751 (Ind. Ct. App. 2006) (concluding that defendant waived sentencing argument for failure to make a cogent argument).

**Conclusion**

The trial court did not abuse its sentencing discretion by failing to consider Snelling's guilty plea and his alleged remorse as significant mitigating factors. Nor is Snelling's aggregate sentence of forty years inappropriate in light of the nature of the offense and the character of the offender. Lastly, the trial court did not err by ordering the sentences on certain of Snelling's convictions to be served concurrently.

Affirmed.

BAKER, J., and MAY, J., concur.