**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Aug 07 2013, 5:44 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DAVID M. ZENT**
Deputy Public Defender
Leonard, Hammond, Thoma & Terrill
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DOMINIQUE L. WHITE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1212-CR-541 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Frances C. Gull, Judge
Cause No. 02D05-1201-CM-564

**August 7, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Dominique L. White ("White") pleaded guilty to operating a vehicle while intoxicated[1] as a Class A misdemeanor and was given the maximum sentence of 365 days. She now appeals, contending her sentence was inappropriate in light of the nature of the offense and her character.

We affirm.

## FACTS AND PROCEDURAL HISTORY

At approximately 11:00 p.m. on January 27, 2012, White drove her vehicle into the rear end of another car, causing damage to the other car and injury to one of its occupants. The responding police officer noted that White had the strong odor of alcohol on her breath, was slurring her speech, and needed support to maintain her balance. Two certified breath tests showed White's blood alcohol content as 0.18 percent and 0.17 percent. After White had been informed of her *Miranda* rights, she admitted that she had been drinking malt liquor prior to driving.

The State charged White with one count of operating a vehicle while intoxicated and one count of operating a vehicle with a blood alcohol content of 0.15 percent or greater,[2] each as a Class A misdemeanor. White was released on bond. However, the court later revoked White's bond after she violated the conditions of her release by being alleged to have committed additional criminal acts. Ultimately, White pleaded guilty to both charges in exchange for placement in the drug court diversion program. The State agreed that if White successfully completed drug court, then it would dismiss the two

---

[1] *See* Ind. Code § 9-30-5-2(b).

[2] *See* Ind.Code. § 9-30-5-1(b).

charges against her in exchange for her pleading guilty to one count of Class B misdemeanor reckless driving.[3]

In White's three months in drug court, she missed three drug screens and submitted two positive drug screens. She also failed to complete community service and did not maintain the appropriate contact with law enforcement. The court ordered substance abuse treatment for White, but she failed to attend the initial session on two occasions. After these violations, White withdrew from the drug court program and proceeded to sentencing, where she was also sentenced for other offenses she subsequently had committed. The trial court vacated her Count II conviction and sentenced White to the maximum sentence on Count I, 365 days in the Allen County Confinement Facility. White now appeals her sentence.

### DISCUSSION AND DECISION

White argues that her 365-day sentence was inappropriate in light of the nature of the offense and her character. She contends that because she is not the worst offender nor did she commit the worst offense, she should not have been sentenced to the maximum sentence that could have been imposed. White raises this same argument in her other appeal that is currently before this court, Cause No. 02A05-1212-CR-651.

We may revise a sentence after careful review of the trial court's decision if we conclude that the sentence is inappropriate based on the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). "Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate."

---

[3] *See* Ind. Code § 9-28-8-52.

*McMahon v. State*, 856 N.E.2d 743, 749 (Ind. Ct. App. 2006) (citing *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006)). The reviewing court "must and should exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007).

We keep in mind that maximum sentences are generally most appropriate for the worst offenders. *Buchanan v. State*, 767 N.E.2d 967, 973 (Ind. 2002). This maxim is not, however, a guideline to determine whether a worse offender could be imagined. *Id.* Rather, "we refer generally to the *class* of offenses and offenders that warrant the maximum punishment." *Id.* Such a class encompasses a considerable variety of offenses and offenders. *Id.* When reviewing a maximum sentence, we concentrate less on comparing the facts of this case to others, whether real or hypothetical, and focus more on the nature, extent, and depravity of the offense for which the defendant is being sentenced, and what it reveals about the defendant's character. *Hull v. State*, 839 N.E.2d 1250, 1257 (Ind. Ct. App. 2005) (citing *Brown v. State*, 760 N.E.2d 243, 247 (Ind. Ct. App. 2007), *trans. denied*).

In support of her character, White points to a letter she gave the judge at sentencing, which discusses her desire to change and help others, and also asks for help with her substance abuse problem. However, for the reasons we discuss in White's companion case, including her numerous prior convictions and noncompliance with viable rehabilitation options, we do not find persuasive White's proffered mitigating

4

evidence.

As to the nature of the offense, White contends that the nature of her substance abuse offense, which is technically considered non-violent, does not warrant imposition of the maximum sentence. Nevertheless, someone was injured, and property was damaged due to White's errant actions. We find that, taken together, White's character and the nature of her offense place her in the class of offenders that warrant the 365-day maximum executed sentence. Therefore, we are not persuaded that the trial court's sentence was inappropriate.

Affirmed.

VAIDIK, J., and PYLE, J., concur.