**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**DEREK W. STEELE**
Deputy Public Defender
Kokomo, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANGELA N. SANCHEZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TERESA SMITH, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 34A04-1303-CR-131 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HOWARD SUPERIOR COURT
The Honorable George A. Hopkins, Judge
Cause No. 34D04-1208-FA-140

**August 28, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Following her guilty plea to criminal deviate conduct[1] as a Class B felony, Teresa Smith ("Smith") appeals her fourteen-year executed sentence.

We affirm.

## FACTS AND PROCEDURAL HISTORY

Smith often babysat her friend's son, D.H., and was responsible for babysitting him on a particular day in the summer of 2012. D.H. was six years old at the time. While Smith was babysitting D.H. at her residence, Troy Kavis ("Kavis") came to visit. In addition to being D.H.'s maternal grandfather, Kavis was in a romantic relationship with Smith. With D.H. in the same room, Smith and Kavis began having sexual intercourse. At some point, Smith began kissing D.H. on his neck and chest, then performed oral sex on D.H. Kavis also had D.H. perform oral sex on him.

On August 31, 2012, the State charged Smith with one count of child molesting[2] as a Class A felony, and pursuant to a plea agreement, Smith pleaded guilty to one count of criminal deviate conduct as a Class B felony. On March 1, 2013, the trial court sentenced Smith to the Department of Correction ("DOC") for fourteen years executed. Smith now appeals.

## DISCUSSION AND DECISION

Smith contends that her sentence was inappropriate in light of the nature of the offense and her character. She further argues that the trial court did not give proper

---

[1] *See* Ind. Code § 35-42-4-2.

[2] *See* Ind. Code § 35-42-4-3.

consideration to the hardship that an extended period of incarceration would cause on her family.

We may revise a sentence after careful review of the trial court's decision if we conclude that the sentence is inappropriate based on the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). "Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate." *McMahon v. State*, 856 N.E.2d 743, 749 (Ind. Ct. App. 2006) (citing *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006)). Even if the trial court followed the appropriate procedure in arriving at its sentence, the appellate court still maintains a constitutional power to revise a sentence it finds inappropriate. *Hope v. State*, 834 N.E.2d 713, 718 (Ind. Ct. App. 2005). Nevertheless, the reviewing court "must and should exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007).

Smith contends that the trial court erred because it did not give proper consideration to her character, the nature of the crime, and the hardship the sentence would cause on her family. *Appellant's Br.* at 2. To the extent Smith is arguing that the trial court did not give proper weight to aggravating and mitigating factors, we cannot review a sentence on such a basis. *See Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007) ("The relative weight or value assignable to reasons properly found or those which should have been found is not subject to review for abuse."). We may only consider

3

whether a sentence is inappropriate based on the nature of the offense and the character of the offender. *See id.*

In support of her character, Smith notes that she is remorseful, accepts responsibility for her actions, and that she is now regularly attending both church and counseling sessions, taking active steps to prevent future deviant behavior. She also notes that she has long been responsibly caring for her aging mother. Smith observes that she has no prior criminal history, that "leniency is encouraged toward defendants who have not previously been through the criminal justice system," and that it does not appear that any leniency was afforded her because her co-defendant, who has a criminal record, received the same sentence. *Filice v. State*, 886 N.E.2d 24, 39 (Ind. Ct. App. 2008).

Although Smith did not have a formal criminal record at the time of the incident, her behavior nevertheless was not isolated. Smith admitted to allowing D.H. to place his hands and mouth on her breasts on two other occasions. Her admission demonstrates that the offense was not one mistake or sudden lapse of judgment, but a pattern of abuse and molestation that reveal her disregard for the impact of her behavior. Furthermore, Smith's son had been previously convicted of sexually assaulting D.H. Although her son's actions were certainly not Smith's own, the trial court found incredible Smith's claim that she was not aware that D.H. was the victim of the assault, when she had attended her son's trial, spoken with D.H.'s mother about her son's conviction, and known D.H. for his entire life. Smith's repeated abuse of D.H., which she carried out from a position of trust and with knowledge of D.H.'s prior victimization, ultimately

4

demonstrates that a sentence of fourteen years is not inappropriate in light of her character.

As to the nature of the offense, Smith contends that her sentence should be reduced because her actions were "not the most heinous case of sexual abuse of a minor," as the encounter was brief and "was not an example of repeated forceful abuses committed against the victim." *Appellant's Br.* at 4. Nevertheless, Smith's actions caused profoundly harmful damage to D.H.'s development and behavior. D.H. has struggled in school, developed angry and violent tendencies, exhibited increasingly solitary and despondent behavior, and has demonstrated outward expressions of his sexual confusion—all foreseeable consequences of Smith's repeated actions, particularly given her knowledge of yet other preexisting mental struggles D.H. faced at the time.

Smith has failed to demonstrate that the trial court's sentence was inappropriate.

Affirmed.

ROBB, C.J., concurs.

RILEY, J., dissents with separate opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

TERESA SMITH,                                )
                                             )
    Appellant-Defendant,             )
                                             )
        vs.                   )     No. 34A04-1303-CR-131
                                             )
STATE OF INDIANA,                            )
                                             )
    Appellee-Plaintiff.              )

**RILEY, Judge, dissenting**

I respectfully disagree with the majority to affirm the trial court's sentencing decision. Based on the record before me, I do not believe a fourteen year sentence to be appropriate in light of Smith's character and nature of the offense. The record reflects that although Smith has no prior criminal history, she received the same sentence as her co-defendant who has a criminal record. This court has held that "leniency is encouraged towards defendants who have not previously been through the criminal justice system." *Beck v. State*, 790 N.E.2d 520, 522 (Ind. Ct. App. 2003). As such, I would reduce Smith's sentence and impose a ten-year executed sentence, the advisory term for a Class B felony.