## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 30 2020, 8:23 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Chad A. Montgomery
Montgomery Law Office
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Benjamin J. Shoptaw
Deputy Attorney General

Samuel J. Sendrow
Certified Legal Intern
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Tristan Pinkston, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | September 30, 2020 <br><br> Court of Appeals Case No. <br> 20A-CR-982 <br><br> Appeal from the Tippecanoe Superior Court <br><br> The Honorable Randy J. Williams, Judge <br><br> Trial Court Cause No. <br> 79D01-1908-F4-37 |

**Crone, Judge.**

# Case Summary

[1] Tristan Pinkston pled guilty to level 4 felony dealing in methamphetamine and was sentenced to seven years, with four years executed in the Indiana Department of Correction (DOC), one year executed in community corrections, and two years suspended to probation. On appeal, Pinkston argues that his DOC placement is inappropriate in light of the nature of his offense and his character. We affirm.

# Facts and Procedural History

[2] According to the probable cause affidavit, which both parties have relied on in their briefs, on August 22, 2019, Tippecanoe County Police Department officers were dispatched to a home on a report of suspicious activity. A moped was parked in front of the home. The officers determined that the moped's registered owner was Pinkston, who was wanted on an outstanding warrant. The officers knocked on the door, and a woman answered. The officers saw Pinkston inside and asked him to come outside, which he did. They arrested him pursuant to the warrant, and he admitted that he had methamphetamine in his pants pocket. The officers found a plastic baggie with 3.6 grams of methamphetamine and a pipe used to consume controlled substances in Pinkston's pocket. Pinkston told the officers that he had come to the home to pick up methamphetamine to sell.

[3] The State charged Pinkston with level 4 felony dealing in methamphetamine, level 6 felony possession of methamphetamine, and class C misdemeanor

possession of paraphernalia. In February 2020, Pinkston signed a plea agreement, pursuant to which he agreed to plead guilty to the level 4 felony charge in exchange for the dismissal of the remaining charges. The agreement provided for an executed sentence of no less than four years, which could be served in either the DOC or community corrections. The agreement further provided that any sentence between four and seven years could be served in the DOC or community corrections or on probation, and that any sentence above seven years would be served on probation. In April 2020, the trial court accepted Pinkston's plea and sentenced him to seven years, with four years executed in the DOC, one year executed in community corrections, and two years suspended to probation. Pinkston now appeals his sentence.

## Discussion and Decision

[4] Pinkston does not challenge the length of his sentence, but he does assert that the trial court should have ordered him to serve the entire executed portion of his sentence in community corrections. Article 7, Section 6 of the Indiana Constitution authorizes this Court to conduct independent appellate review and revision of sentences pursuant to Indiana Appellate Rule 7(B), which provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light

of the nature of the offense and the character of the offender."[1]  "The location where a sentence is to be served is an appropriate focus for application of our review and revise authority."  *King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008).  "[I]t will be quite difficult for a defendant to prevail on a claim that the placement of his sentence is inappropriate.  This is because the question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate."  *Id*. at 267-68 (citation omitted).  "A defendant challenging the placement of a sentence must convince us that the given placement is itself inappropriate."  *Id*. at 268.

[5]  Our supreme court has explained,

> "[S]entencing is principally a discretionary function in which the trial court's judgment should receive considerable deference."  *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008).  Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character).

*Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

---

[1] Citing *McMahon v. State*, 856 N.E.2d 743 (Ind. Ct. App. 2006), Pinkston asserts that we "must merge the trial court's finding of aggravators and mitigators under Ind. Code § 35-38-1-7.1 into the review for inappropriateness under Ind. App. Rule 7(B)."  Appellant's Br. at 10.  We disagree, for the reasons given in *Turkette v. State*, No. 20A-CR-87, 2020 WL 4198371, at *4 n.5 (Ind. Ct. App. July 22, 2020), *pet. for trans. filed* (Sept. 8, 2020).

[6]     We agree with Pinkston that the nature of his offense was not especially egregious, in that he was cooperative during his encounter with the police and possessed a relatively modest amount of methamphetamine. *See* Ind. Code § 35-48-4-1.1(c) (dealing in methamphetamine is a level 4 felony if defendant possesses with intent to deliver at least one but less than five grams of drug). But Pinkston's character leaves a lot to be desired: he was wanted on an outstanding warrant when he was found with methamphetamine in his pocket; at age twenty-eight, he has accumulated six misdemeanor convictions and failed to appear in three of those proceedings; four of the convictions are for operating a motor vehicle without ever receiving a license, which, as the trial court noted, demonstrates "disdain for the law," Tr. Vol. 2 at 37; he was found to have violated probation, apparently by committing the current offense; he has a lengthy history of using and abusing substances, including alcohol and illegal drugs; and he has participated in substance-related programs and classes, which obviously had no lasting effect. Given all this, we cannot say that Pinkston has convinced us that his DOC placement is inappropriate. Therefore, we affirm.

[7]     Affirmed.

Robb, J., and Brown, J., concur.