**Tracy THOMAS–COLLINS,**
**Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 79A05–0703–CR–176.**

Court of Appeals of Indiana.

June 22, 2007.

---

Michael B. Troemel, Lafayette, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Jodi Kathryn Stein, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Tracy Thomas–Collins ("Thomas–Collins") appeals her cumulative ten-year sentence for Burglary as a Class B felony and Possession of a Schedule II Controlled Substance within 1000 feet of school property, a Class C felony. Concluding that the trial court did not abuse its discretion in finding, weighing, and balancing the aggravating and mitigating circumstances and that Thomas–Collins' sentence is not otherwise inappropriate, we affirm the judgment of the trial court.

### Facts and Procedural History

On August 8, 2005, Thomas–Collins broke into the apartment of Rebecca Bussert with the intent of stealing oxycodone. Upon entering the apartment, Thomas–Collins found no drugs, but she did take approximately 100 bracelets and forty tank tops. When apprehended for the burglary, Thomas–Collins was in possession of oxycodone tablets and was within 1000 feet of a school.

The State charged Thomas–Collins with: Count I, Burglary as a Class B felony;[1] Count II, Theft as a Class D felony;[2] Count III, Possession of a Schedule II Controlled Substance (oxycodone) within 1000 feet of school property, a Class C

1. Ind.Code § 35–43–2–1(1).

2. Ind.Code § 35–43–4–2(a).

felony;[3] Count IV, Possession of a Schedule II Controlled Substance (Ritalin) within 1000 feet of school property, a Class C felony;[4] Count V, Possession of a Schedule III Controlled Substance (codeine) within 1000 feet of school property, a Class C felony;[5] Count VI, Possession of Marijuana as a Class A misdemeanor;[6] Count VII, Possession of Paraphernalia (syringes) as a Class A misdemeanor;[7] and Count VIII, Possession of Paraphernalia (rolling papers and other smoking devices) as a Class A misdemeanor.[8] Pursuant to a plea agreement, Thomas–Collins pled guilty to Count I, Burglary as a Class B felony, and Count III, Possession of a Schedule II Controlled Substance (oxycodone), a Class C felony, and the State agreed to dismiss all other charges. The parties agreed to leave sentencing to the discretion of the trial court.

Between the date of the guilty plea hearing and the sentencing hearing, Thomas–Collins voluntarily participated in a ninety-day substance abuse treatment program at Discover Recovery in Terre Haute. However, at the beginning of the sentencing hearing on August 11, 2006, Thomas–Collins admitted to recent marijuana use. As such, the trial court revoked her bond, ordered her to jail, and continued the sentencing hearing.

In sentencing Thomas–Collins, the trial court found as a mitigating circumstance her lack of prior felony convictions. The trial court identified as aggravating circumstances Thomas–Collins' history of criminal activity and her history of substance abuse. Finding that the aggravators and the mitigator balance, the trial court imposed the advisory sentence of ten years for Count I and the advisory sentence of four years for Count II, with the sentences to run concurrently. Of the ten-year sentence, the trial court ordered six years executed, three years with Tippecanoe County Community Corrections, and one year of supervised probation. Thomas–Collins now appeals.

## Discussion and Decision

On appeal, Thomas–Collins argues that her sentence is inappropriate. In part, Thomas–Collins contends that the trial court abused its discretion in finding, weighing, and balancing the aggravating and mitigating circumstances. In this regard, we note that the Indiana General Assembly has amended Indiana Code § 35–38–1–7.1(d) to provide that a trial court may impose any sentence that is authorized by statute and permissible under the Indiana Constitution "regardless of the presence or absence of aggravating circumstances or mitigating circumstances." Nonetheless, this Court has held that "[e]ven under the new statutes, an assessment of the trial court's finding and weighing of aggravators and mitigators" is still relevant in determining whether a sentence is inappropriate. *McMahon v. State*, 856 N.E.2d 743, 748 (Ind.Ct.App.2006).[9] We perform this assessment under an abuse of discretion

3. Ind.Code § 35–48–4–7(a).

4. *Id.*

5. *Id.*

6. Ind.Code § 35–48–4–11.

7. Ind.Code § 35–48–4–8.3.

8. *Id.*

9. Recently, the legislature confirmed our holding in *McMahon* when it enacted Indiana Code § 35–38–1–1.3. This new statute, which goes into effect on July 1, 2007, provides: "After a court has pronounced a sentence for a felony conviction, the court shall issue a statement of the court's reasons for selecting the sentence that it imposes." *See* P.L. 178–2007, § 2.

standard. *Long v. State,* 865 N.E.2d 1031 (Ind.Ct.App.2007).

Before turning to Thomas–Collins' specific arguments, we emphasize that the sentence the trial court did impose is not nearly as severe as the sentence that it could have imposed. Thomas–Collins pled guilty to burglary as a Class B felony and possession of a Schedule II controlled substance as a Class C felony. She would have faced twenty-eight years in prison if the trial court had imposed the maximum sentence of twenty years for the Class B felony and the maximum sentence of eight years for the Class C felony and ordered the sentences to run consecutively. Instead, the trial court imposed the advisory sentence for each conviction and ordered them to run concurrently with three years to be served with Tippecanoe County Community Corrections and one year suspended to probation.

■ Thomas–Collins first asserts that the trial court abused its discretion by assigning too much aggravating weight to her criminal history. Her criminal history consists of misdemeanor convictions for driving with a revoked or suspended license in 1997, theft (shoplifting) in 2000, possession of drug paraphernalia in 2001, and prostitution and criminal trespass in 2002. Furthermore, the pre-sentence investigation report reveals that Thomas–Collins has violated her probation at least once in the past and that she had pending misdemeanor charges for possession of marijuana, possession of paraphernalia, and operating a vehicle having never received a license when she was arrested for the instant offenses.

Contrary to Thomas–Collins' claim, it does not appear that the trial court assigned this aggravator significant weight. Indeed, the trial court found Thomas–Collins' lack of felony convictions to be a *mitigating* circumstance. In addition, the trial court found that the aggravating and mitigating circumstances balance and imposed concurrent advisory sentences. To the extent that the trial court did assign aggravating weight to Thomas–Collins' criminal history, it did not abuse its discretion. The weight of a defendant's criminal history is measured by the number of prior convictions and their gravity, by their proximity or distance from the present offense, and by any similarity or dissimilarity to the present offense that might reflect on a defendant's culpability. *Duncan v. State,* 857 N.E.2d 955, 959 (Ind. 2006). Though misdemeanors, Thomas–Collins' convictions are both relatively recent, and three of the five—theft (shoplifting), possession of drug paraphernalia, and criminal trespass—are similar to her instant convictions for burglary and possession of a Schedule II controlled substance. Moreover, Thomas–Collins' offenses have been increasingly serious, and she committed the instant offenses while three other misdemeanor charges were pending. We cannot say that the trial court abused its discretion in weighing Thomas–Collins' criminal history.

■ Thomas–Collins also argues that the trial court abused its discretion in failing to find certain mitigating circumstances. First, she notes that she pled guilty. But a plea of guilty does not necessarily constitute a significant mitigating circumstance where the defendant receives a substantial benefit in exchange for pleading guilty. *Wells v. State,* 836 N.E.2d 475, 479 (Ind.Ct.App.2005), *trans. denied.* Here, Thomas–Collins did receive a substantial benefit in return for pleading guilty, namely, the State agreed to dismiss six of the eight charges, including three felonies. Therefore, the trial court did not abuse its discretion in not finding Thomas–Collins' guilty plea to be a mitigating circumstance.

Thomas–Collins also urges that the trial court abused its discretion by failing to find "the uncontroverted fact that she was mentally ill" to be a mitigating circumstance. Appellant's Br. p. 13. However, Thomas–Collins did not argue this mitigator to the trial court and has therefore waived the issue for appeal. *Pennington v. State,* 821 N.E.2d 899, 905 (Ind.Ct.App.2005). Waiver notwithstanding, Thomas–Collins has also failed to even attempt to establish a nexus between her offenses and any mental illness from which she suffers. As such, we cannot say that the trial court abused its discretion in failing to find this mitigator. *See Corralez v. State,* 815 N.E.2d 1023, 1026 (Ind.Ct.App. 2004) (stating "in order for a mental history to provide a basis for establishing a mitigating factor, there must be a nexus between the defendant's mental health and the crime in question.").

Finally, Thomas–Collins contends that the trial court abused its discretion in failing to "credit her with completing a substance abuse program which was not court ordered." Appellant's Br. p. 13. We agree that going through such a program is a positive step for any person struggling with substance abuse. However, the record here indicates that even after participating in the Discover Recovery program, Thomas–Collins showed up in court for her sentencing hearing and admitted that she had recently used marijuana. In light of this fact, we cannot say that the trial court abused its discretion in failing to find Thomas–Collins' participation in a recovery program as a mitigating circumstance.

Having found that the trial court did not abuse its discretion in finding, weighing, and balancing the aggravating and mitigating circumstances, we also cannot say that Thomas–Collins' sentence is otherwise inappropriate. As the State concedes, there was nothing particularly egregious about the nature of Thomas–Collins' crimes. On the other hand, her sentence is not inappropriate in light of her character. She continues to break the law despite numerous contacts with the criminal justice system over the last ten years. These two felony convictions were preceded by five misdemeanor convictions, and Thomas–Collins had three other charges pending when she committed the instant offenses. The trial court also found Thomas–Collins' history of substance abuse to be an aggravating circumstance. While we recognize that this history is likely related to Thomas–Collins' turbulent personal life both as a child and an adult, *see* Appellant's Br. p. 6, and that her property crimes are usually committed to fund her substance addictions, we are also aware that Thomas–Collins has had several legal wakeup calls in the past and has failed to respond positively to more lenient punishments. We cannot say that her instant ten-year sentence, consisting of concurrent advisory sentences for a Class B felony and a Class C felony, is inappropriate.

Affirmed.

SULLIVAN, J., and ROBB, J., concur.