## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 24 2016, 8:49 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Leanna Weissmann
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Paula J. Beller
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Robert Tingle,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

June 24, 2016

Court of Appeals Case No.
15A01-1508-CR-1251

Appeal from the Dearborn
Superior Court

The Honorable Jonathan N.
Cleary, Judge

Trial Court Cause No.
15D01-1502-F3-4

**May, Judge.**

[1] Robert Tingle appeals his conviction of Level 3 felony attempted rape[1] and the nine year sentence imposed therefor. He argues there was insufficient evidence to support his conviction because V.D.'s testimony was incredibly dubious. He further contends his sentence was inappropriate in light of his character and the nature of his offense. Because V.D.'s testimony was not incredibly dubious and Tingle's sentence is not inappropriate, we affirm.

## Facts and Procedural History

[2] Tingle and V.D. were in a sexual relationship from 2010 until early 2014. On August 22, 2014, V.D. permitted Tingle into her home to do laundry. After some alcoholic drinks, the situation turned physical. V.D. told Tingle to leave, but he refused. He broke her washer door, the two exchanged blows, and then Tingle grabbed her around the neck. Tingle pushed V.D. to the ground and held her down. While on top of her, Tingle made sexually explicit demands and pulled at her underwear. V.D. managed to thwart his advances but sustained multiple bruises and scratches. Tingle left as V.D. called the police, who apprehended Tingle nearby.

[3] Officers Kolb and Siekman, who responded to V.D.'s 911 call and located Tingle, noticed he smelled of alcohol. The officers questioned V.D., and they noticed redness and scratches on her chest and face. Visibly shaken, she told

---

[1] Ind. Code § 35-42-4-1 (2014) (rape); Ind. Code § 35-41-5-1 (2014) (attempt).

them the injuries were a result of Tingle's sexual advances. They saw that V.D.'s underwear were hanging down to her mid-thigh.

[4] Following a bench trial, the court found Tingle guilty of Level 3 felony attempted rape. The court imposed the nine-year advisory sentence with no time suspended.

# Discussion and Decision

## 1. Sufficiency of the Evidence

[5] When reviewing sufficiency of the evidence in support of a conviction, we will consider only probative evidence in the light most favorable to the trial court's judgment. *Binkley v. State,* 654 N.E.2d 736, 737 (Ind. 2007), *reh'g denied*. The decision comes before us with a presumption of legitimacy, and we will not substitute our judgment for that of the fact-finder. *Id.* We do not assess the credibility of the witnesses or reweigh the evidence in determining whether the evidence is sufficient. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). Reversal is appropriate only when no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* Thus, the evidence is not required to overcome every reasonable hypothesis of innocence and is sufficient if an inference may reasonably be drawn from it to support the verdict. *Id.* at 147.

[6] A person who knowingly or intentionally has sexual intercourse with another person commits rape when he compels the victim by force or imminent threat

of force. Ind. Code § 35-42-4-1. A person attempts to commit a crime when he acts with the requisite culpability for commission of the crime and engages in conduct considered to be a substantial step toward commission of the crime. Ind. Code § 35-41-5-1. A substantial step is any overt act beyond mere preparation and in furtherance of the intent to commit the crime. *Williams v. State*, 685 N.E.2d 730, 734 (Ind. Ct. App. 1997).

[7] Tingle contends the evidence is insufficient to support his conviction because it rests on V.D.'s testimony, which he claims is incredibly dubious. In so doing, Tingle asks us to reconsider the credibility of a witness, which is a role largely left to the fact-finder. *Drane*, 867 N.E.2d at 146. We will impinge on the fact-finder's role only when a sole witness gives testimony that is inherently contradictory, equivocal, or coerced, and there is a complete lack of circumstantial evidence. *Moore v. State*, 27 N.E.3d 749, 755 (Ind. 2015). This standard is not an impossible burden to meet, but it is a difficult one, and the testimony must be such that no reasonable person could believe it. *Id.* at 756.

[8] The incredible dubiosity rule does not apply because V.D. was not the sole testifying witness and her testimony was supported by circumstantial evidence. Tingle chose to testify, and any contradictions between their testimonies were placed squarely before the fact-finder. Tingle seems to argue his version of the facts is supported because he also sustained injuries from the incident. This contention, in essence, is a request for us to reweigh the evidence, which we cannot do. *See Drane*, 867 N.E.2d at 146 (appellate court does not reweigh evidence or judge credibility of witnesses).

V.D. testified Tingle pushed her to the ground, laid on top of her, made sexually explicit demands, and attempted to pull off her underwear. There was circumstantial evidence from the responding officers to corroborate V.D.'s version of the events. This was sufficient to prove Tingle knowingly or intentionally attempted to force V.D. to have sexual intercourse with him. *See Hughes v. State*, 600 N.E.2d 130, 132 (Ind. Ct. App. 1992) (evidence sufficient to prove attempted rape where offender uses physical restraint and makes sexually explicit requests for sex even if there was no attempt to remove victim's clothes).

## 2. Inappropriate Sentence

Tingle also asserts his nine-year sentence for attempted rape is inappropriate. Indiana Appellate Rule 7(B) allows us to independently review and revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. We will give the decision of the trial court due consideration and we recognize sentencing is principally a discretionary function of the trial court to which we will afford considerable deference. *Healey v. State*, 969 N.E.2d 607, 618 (Ind. Ct. App. 2012), *trans. denied*. In our review of the appropriateness of a sentence, we are not limited to considering aggravators and mitigators, but may consider any other facts appearing in the record. *Fuller v. State*, 9 N.E.3d 653, 657 (Ind. 2014). The appellant carries the burden of persuading us that his sentence has met this standard of inappropriateness. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[11]     When reviewing the nature of the offense, our starting point is the advisory sentence established by the legislature as the suggested sentence for a particular crime. *McMahon v. State*, 856 N.E.2d 743, 749 (Ind. Ct. App. 2006). The sentencing range for a Level 3 felony is three to sixteen years, with an advisory sentence of nine years. Ind. Code § 35-50-2-5. Tingle argues attempted rape is "far less serious than a forcible rape" and, thus, his offense should merit a shorter sentence than the advisory. (Appellant's Br. at 17.) The Indiana legislature provided guidance on this issue: "An attempt to commit a crime is a felony or misdemeanor of the same level or class as the crime attempted." Ind. Code § 35-41-5-1. Thus, Tingle's crime is not "less serious" just because he did not complete it.

[12]     Nor is his crime less serious because V.D. suffered bruises but not life-threatening injuries. Level 3 felony rape does not require injuries of any kind, and if V.D.'s injuries had been life-threatening, the State could have charged Tingle with a Level 1 felony. *Compare* Ind. Code § 35-42-4-1(a) with Ind. Code § 35-42-4-1(b) ("results in serious bodily injury"). Asserting the harm could have been a lot worse is not a good justification for reducing the punishment from the advisory sentence. *See French v. State*, 516 N.E.2d 40, 44-45 (Ind. 1987) (affirmed presumptive sentence for attempted rape and rejected offender's argument that sentence should be lower than the presumptive because there was no physical harm, no touching of privates, and no prior felony convictions).

[13]     As for Tingle's character, his criminal history is a telling factor to consider. The significance of a criminal history in assessing a defendant's character and an

appropriate sentence varies based on the gravity, nature, and number of prior offenses in relation to the current offense. *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). Tingle argues the advisory sentence of nine years is excessive for someone who has never been to prison. However, this is not Tingle's first offense. Tingle has misdemeanor convictions of possession of a Schedule V controlled substance in 1998, possession of paraphernalia and marijuana in 2002, and public intoxication in 2007. The public intoxication conviction resulted in a protective order. The punishments for those offenses, which did not include prison time, appear not to have rehabilitated Tingle. *See Thomas-Collins v. State*, 868 N.E.2d 557, 561 (Ind. Ct. App. 2007) (affirmed advisory sentence for two felonies that were preceded by five misdemeanor convictions in which the offender did not respond positively to more lenient punishments), *trans. denied*.

[14] Based on these facts we cannot say the sentence is inappropriate in light of Tingle's character or the nature of his offense.

# Conclusion

[15] Sufficient evidence supported Tingle's conviction of Level 3 felony attempted rape, and he did not demonstrate his sentence was inappropriate. Accordingly, we affirm.

[16] Affirmed.

Baker, J., and Brown, J., concur.