## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 14 2017, 8:48 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Andrew B. Arnett
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Henry A. Flores
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Brittany N. Heft,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

July 14, 2017

Court of Appeals Case No.
73A04-1611-CR-2569

Appeal from the Shelby Circuit Court

The Honorable Charles D. O'Connor, Judge

Trial Court Cause No.
73C01-1601-F6-10

**Barnes, Judge.**

## Case Summary

[1] Brittany Heft appeals her two-year sentence for Level 6 felony domestic battery in the presence of a child. We affirm.

## Issue

[2] The sole issue on appeal is whether the sentence imposed was inappropriate in light of the nature of the offense and the character of the offender.

## Facts

[3] On December 30, 2015, Heft went to D.C.'s residence in Shelbyville to gather some of her belongings. D.C. is Heft's ex-boyfriend and the father of her two-year-old child, G.C. While Heft was at D.C.'s residence, she began going through his phone. Heft then became angry, threw the phone across the room, and punched D.C. in the face. G.C. was present during the altercation. Heft left D.C.'s residence and was not present when police arrived. On January 5, 2016, Heft was charged with Level 6 felony domestic battery in the presence of a child. On January 6, 2016, the State amended the charge and added Class A misdemeanor domestic battery and Level 6 felony domestic battery with a prior, unrelated conviction.

[4] Heft pled guilty to Level 6 felony domestic battery. The plea agreement did not include a sentencing cap and provided that the sentence imposed would run consecutive to sentences in three other cases. A sentencing hearing was held on October 13, 2016. Heft admitted that she had a history of drug and alcohol abuse and that she has some mental and physical health issues. Specifically, Heft indicated that she has been diagnosed with PTSD, ADHD, and chronic

depression.  She also reported having arthritis, back pain, and seizures.  The trial court found as aggravating circumstances that while Heft was out on bond she committed two subsequent offenses by violating no contact orders and that Heft was on probation when the current offense took place.  The trial court found Heft's guilty plea and mental health issues as mitigating circumstances. The trial court sentenced Heft to two years executed in the Department of Correction.  Heft now appeals.

## Analysis

Heft argues that the sentence imposed was inappropriate in light of the nature of the offense and her character.[1]  Indiana Appellate Rule 7(B) gives this court the authority to revise a trial court's sentence if we find the sentence is inappropriate given the nature of the offense and the character of the offender. *See Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007) *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007).  Although Rule 7(B) does not require us to be "extremely" deferential to a trial court's sentencing decision, we still must give due consideration to that decision.  *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007).  We also understand and recognize the unique perspective a trial court brings to its sentencing decisions.  *Id.*  "Additionally, a defendant

---

[1] "An inappropriate sentence analysis does not involve an argument that the trial court abused its discretion in sentencing the defendant." *King v. State,* 894 N.E.2d 265, 267 (Ind. Ct. App. 2008).  Under Rule 7(B) we only consider whether the nature of the offense and the character of the offender warrant a revised sentence. To the extent that Heft argues the trial court improperly assigned certain weight to mitigating and aggravating circumstances, this argument is waived because Heft has not fully developed an abuse of discretion argument.

bears the burden of persuading the appellate court that his or her sentence is inappropriate." *Id.*

[6] The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case. *Id.* at 1224. When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010).

[7] The advisory sentence is the starting point to determine the appropriateness of the sentence. *See Anglemyer,* 868 N.E.2d at 494. Indiana Code Section 35-50-2-7 provides, "a person who commits a Level 6 felony shall be imprisoned for a fixed term of between six months and two and one-half years, with the advisory sentence being one year." Heft's sentence was above the advisory sentence but within the statutory range.

[8]     One factor we consider when determining the appropriateness of a deviation from the advisory sentence is whether there is anything more or less egregious about the offense committed by the defendant that makes it different from the "typical" offense accounted for by the legislature when it set the advisory sentence. *Johnson v. State,* 986 N.E.2d 852, 856 (Ind. Ct. App. 2013). Heft argues that the nature of the offense was not egregious because, "it involved one contact, and left no visible injury and Heft left immediately." Appellant's Br. p. 10. Heft contends that she was only at her ex-boyfriend's residence to gather some of her belongings. However, she walked into D.C.'s residence while he was not home, picked up D.C.'s phone, and started going through it. When D.C. retuned, Heft threw the phone on the ground. D.C. bent over to pick up the phone and Heft punched him while their two-year-old child was present. Based on the nature of the offense, Heft has not persuaded us that her sentence should be revised.

[9]     We now turn to Heft's character. When considering the character of the offender, one relevant fact is the defendant's criminal history. *Johnson,* 986 N.E.2d at 857. The significance of a criminal history in assessing a defendant's character and an appropriate sentence varies based on the gravity, nature, and number of prior offenses in relation to the current offense. *Rutherford,* 866 N.E.2d at 874. Heft was previously convicted of domestic battery against the same victim and was on probation when the instant offense occurred. She also has been convicted of misdemeanor operating a vehicle while intoxicated,

soliciting, possession of fake drugs, and false information to mislead.[2] Heft also has two prior felony convictions for possession of more than three grams of cocaine or a Schedule I or II narcotic drug and domestic battery committed in the presence of a child less than sixteen years old. In addition, the pre-sentence investigation report indicated that Heft was in a high risk category to reoffend. Also, while out on bond for the current offense, Heft was convicted of two more offenses and has violated probation on numerous occasions. Heft also admitted she is $14,000 in arrears on child support for her oldest child.

[10] We will also consider Heft's arguments about her guilty plea and mental health in conjunction with her character. Although we acknowledge that a guilty plea deserves at least some mitigating weight, *Anglemyer,* 875 N.E.2d at 220, we are not persuaded to modify her sentence. Also, a mental health history may be a significant mitigating factor. However, in order for a mental health history to provide a basis for establishing a mitigating factor, there must be a nexus between the defendant's mental health and the crime in question. *Corralez v. State,* 815 N.E.2d 1023, 1026 (Ind. Ct. App. 2004); *see also Thomas-Collins v. State,* 868 N.E.2d 557, 561 (Ind. Ct. App. 2007) (holding that the defendant had not even attempted to establish a nexus between her offenses and any mental illness when defendant only stated that the trial court failed to find "the uncontroverted fact that she was mentally ill" to be a mitigating circumstance),

---

[2] These offenses occurred in Ohio.

*trans. denied.* Heft has only stated that she has a history of mental health issues, but she has failed to show that her mental health was responsible for her actions on the day the offense occurred.

[11]  Given Heft's criminal history and the nature of the offense, she has not demonstrated that her two-year sentence is inappropriate.

## Conclusion

[12]  Heft has failed to show that the sentence imposed by the trial court was inappropriate in light of the nature of the offense and her character. We affirm.

[13]  Affirmed.

Baker, J., and Crone, J., concur.